IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIE WILSON PRODUCTIONS, INC., | Case No.  3: 15-cv-2565 |
| Plaintiff, | Judge |
| v. | |
| WAPAKONETA CITY SCHOOL DISTRICT BOARD OF EDUCATION d/b/a WAPAKONETA HIGH SCHOOL, | **Jury Demand Endorsed Hereon** |
| Defendant. | |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff Willie Wilson Productions, Inc. ("Willie Wilson"), by and through its attorneys, for its Complaint against Defendant Wapakoneta City School District Board of Education, ("Defendant"), states as follows:

### INTRODUCTION

Willie Wilson is the owner of the "SINGSATION" brand name and is the producer of the SINGSATION entertainment show. Defendant is unlawfully using Willie Wilson's marks related to the SINGSATION brand name in competition with Willie Wilson while operating as "Wapakoneta Singsation."  Willie Wilson seeks injunctive and other relief against Defendant due to Defendant's unlawful use of Willie Wilson's marks.  Defendant's actions violate the Lanham Act, U.S. Code Title 15, Ohio common law and the Ohio Deceptive Trade Practices Act (Ohio Rev. Code § 4165.01, *et seq.*). If Defendant is allowed to continue to make unauthorized use of the SINGSATION brand name and marks, Willie Wilson will suffer irreparable harm, for which monetary damages will not provide an adequate remedy.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, Willie Wilson Productions, Inc., is an Illinois corporation with its principal place of business in Matteson, Illinois.  Willie Wilson is in the business of hosting, sponsoring and producing live musical and variety shows, which are recorded and produced for distribution in commerce via television and over the Internet to customers and prospective customers in Illinois, nationally and internationally.  Willie Wilson owns the trademarks and intellectual property rights for the SINGSATION brand name.

2.      Defendant, Wapakoneta City School District Board of Education, is and was at all relevant times a body politic and corporate, duly organized and existing under Ohio law for the purpose of the government and supervision of the Wapakoneta City School District, including Wapakoneta High School located at 1 W. Redskin Trail, Wapakoneta, Ohio 45895.  Defendant is charged with the management and control of all the public schools in the District, including Wapakoneta High School, and all employees, students, and student organizations and activities.  Defendant is responsible for the actions and inactions as alleged herein.  Wapakoneta High School's show choir is a school-sponsored student activity that is authorized and approved by Defendant and is under its direction, control, and supervision.  Wapakoneta High School's show choir promotes itself as and performs under the name "Wapakoneta Singsation" and "Singsation."

3.      This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and the laws of the State of Ohio, including the Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01, *et seq.*, and Ohio common law.  Willie Wilson seeks injunctive relief and actual damages, including Defendant's profits and Willie Wilson's costs and attorneys' fees under 15 U.S.C. § 1117 and Ohio Rev. Code § 4165.03(B).

4.      This Court has jurisdiction over the matters raised herein pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1338(a) and (b), and 28 U.S.C. § 1367(a).

5.      Venue in this matter is proper in this District because Defendant is located in and regularly does business in this District and pursuant to 28 U.S.C. §§ 1391(b) and (c).

### ALLEGATIONS COMMON TO ALL COUNTS

6.      Willie Wilson owns and claims common-law rights under the mark SINGSATION, for use in connection with its entertainment services, including in its continuing musical and variety show distributed over television and the Internet (the "SINGSATION Mark").

7.      Willie Wilson owns U.S. Federal Service Mark Registration No. 1,666,148 (the "Registered Mark"), which was registered on the Principal Register in the U.S. Patent and Trademark Office on November 26, 1991.  This registration is for the mark and design SINGSATION, an image of which is reproduced below, for use in connection with Willie Wilson's provision of entertainment services namely, a continuing musical and variety show distributed over television.  A copy of the registration certificate of the Registered Mark is attached hereto as Exhibit 1.



*An Image of the Registered Mark*

8.      The Registered Mark has become incontestable pursuant to 15 U.S.C. § 1065.

9.      The SINGSATION Mark and the Registered Mark have been continuously used in commerce in connection with entertainment services since at least June 4, 1989.

10.     Willie Wilson uses the SINGSATION Mark and the Registered Mark to provide entertainment services under the marks in Illinois, across the United States and internationally.

11.     Since 1989, Willie Wilson has been engaged in the televised broadcast of a continuing musical and variety show.

12.     The SINGSATION brand name, including the SINGSATION Mark and the Registered Mark, is well known and famous in the Chicagoland area, in Illinois, throughout the United States and internationally.

13.     The SINGSATION Mark and the Registered Mark identify the source of the goods and services of Willie Wilson in the minds of consumers in the marketplace.

14.     Defendant is using the expressions "Wapakoneta Singsation" and/or SINGSATION (collectively, the "Infringing Marks") and the Internet domain names *wapaksingsation.com* and *wapakchoir.org/singsation* (the "Infringing Domain Names") in connection with providing entertainment services in the form of vocal, musical and dance performances and recordings thereof, which compete directly with the business of Willie Wilson.

15.     Defendant's use of the Infringing Marks and the Infringing Domain Names are likely to cause confusion in the marketplace, in that the goods and services promoted by Defendant under the Infringing Marks and the Infringing Domain Names are identical and/or highly related to the goods and services provided by Willie Wilson under the SINGSATION Mark and the Registered Mark.

16.     Defendant is using the Infringing Marks and the Infringing Domain Names in a manner to exploit and misappropriate the goodwill and reputation of Willie Wilson that is based on Willie Wilson's use of the SINGSATION Mark and the Registered Mark.

-4-

17.     On November 3, 2014, counsel for Willie Wilson advised Defendant via written letter that Willie Wilson owns the SINGSATION Mark and the Registered Mark and that Defendant's usage of the Infringing Marks was causing confusion in the marketplace which was harming Willie Wilson.   Willie Wilson requested written assurances from Defendant that Defendant would cease using the SINGSATION Mark and the Registered Mark and remove all such use from its advertising materials and website.  A copy of said letter is attached hereto as Exhibit 2.

18.     Willie Wilson sent further correspondence on or around December 5, 2014, March 23, 2015, and April 17, 2015 notifying Defendant that Willie Wilson had not received the requested assurances.  Copies of said correspondence are also attached hereto within Exhibit 3.

19.     Defendant has not provided any such written assurances as requested by Willie Wilson, and in correspondence dated January 14, 2015 and April 22, 2015, counsel for Defendant indicated that Defendant would not cease use of the Infringing Marks or the Infringing Domain Names.  Copies of this correspondence are attached hereto within Exhibit 4.

20.     Defendant has failed to provide the requested assurances even though the activities alleged herein are in direct violation of the Defendant's own written policies, including its policy governing "school-sponsored publications and productions."  *See* Wapakoneta City Schools Bylaws and Policies, Policy No. 5722.

21.     Counsel for Willie Wilson provided notice to Defendant that Willie Wilson would be filing the instant pleading and would be seeking injunctive relief and damages in this Court.

## COUNT I:
### Trademark Infringement Pursuant to
### § 32 of the Lanham Act (15 U.S.C. § 1114)

22.     Willie Wilson restates and realleges Paragraphs 1-21 as if fully set forth herein.

23.     The Registered Mark is inherently distinctive and/or has acquired secondary meaning in the stream of commerce.

24.     The Registered Mark was first used on June 4, 1989 and predates any use of the Infringing Marks or the Infringing Domain Names by Defendant.

25.     Defendant's use of the Infringing Marks and the Infringing Domain Names in connection with entertainment services identical or highly related to those sold by Willie Wilson under the Registered Mark constitutes infringement of Willie Wilson's rights in the Registered Mark and is likely to create confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114.

26.     Defendant has used the Infringing Marks and the Infringing Domain Names with knowledge that such imitation is intended to cause confusion, or to cause mistake, or to deceive.

27.     By reason of Defendant's unlawful activities, Willie Wilson has been and is likely to be damaged, and, unless Defendant's activities are restrained, Willie Wilson will continue to suffer serious and irreparable injury, without a full and adequate remedy at law.

## COUNT II:
### Federal Unfair Competition pursuant to
### § 43(a) of the Lanham Act (15 U.S.C. § 1125(a))

28.     Willie Wilson restates and realleges Paragraphs 1-27 as if fully set forth herein.

29.     The SINGSATION Mark and the Registered Mark, as used by Willie Wilson to identify the products and services it offers, are inherently distinctive and/or have acquired secondary meaning.

30.     Defendant's use of the Infringing Marks and the Infringing Domain Names in connection with entertainment services identical or highly related to those sold by Willie Wilson under the SINGSATION Mark and/or the Registered Mark constitutes infringement of Willie Wilson's rights in the SINGSATION Mark and/or the Registered Mark and is likely to create

confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of Defendant's goods and services by Willie Wilson, in violation of 15 U.S.C. § 1125.

31.     Defendant deliberately and knowingly adopted, used and continues to use the Infringing Marks and the Infringing Domain Names in bad faith, with the intent to trade upon the goodwill established by Willie Wilson, to create confusion in the public mind and to misappropriate Willie Wilson's rights in the goodwill it has established in the SINGSATION Mark and/or the Registered Mark, all to the irreparable injury of Willie Wilson.

32.     By reason of Defendant's unlawful activities, Willie Wilson has been and is likely to be damaged, and, unless Defendant's activities are restrained, Willie Wilson will continue to suffer serious and irreparable injury, without a full and adequate remedy at law.

### COUNT III:
### Deceptive Trade Practices
### Ohio Rev. Code § 4165.01, *et seq.*

33.     Willie Wilson restates and realleges Paragraphs 1-32 as if fully set forth herein.

34.     The Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01, *et seq.* ("the Ohio DTPA"), provides, in relevant part, that a person engages in deceptive trade practices when, in the course of his or her business, vocation or occupation, the person does any of the following:

(a)     passes off goods or services as those of another;

(b)     causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services; or

(c)     causes likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another.

*See* Ohio Rev. Code § 4165.02(A)(1)-(3).

35.     Defendant's use of the Infringing Marks and the Infringing Domain Names in connection with entertainment services identical or highly similar to those sold by Willie Wilson

under the SINGSATION Mark and the Registered Mark without Willie Wilson's consent, is an attempt to pass off Defendant's goods and services as those of Willie Wilson; causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Defendant's goods and services; causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association between Defendant and Willie Wilson; and creates a likelihood of confusion or of misunderstanding among consumers generally as between the goods and services of Defendant and those of Willie Wilson, all in violation of the Ohio DTPA.

36.     Defendant has willfully engaged in deceptive trade practices prohibited by the Ohio DTPA in that Defendant adopted, used and continues to use the Infringing Marks and the Infringing Domain Names with the intent to trade upon the goodwill established by Willie Wilson under the SINGSATION Mark and the Registered Mark, to create confusion in the public mind and to misappropriate Willie Wilson's rights in the goodwill it has established, all to the irreparable injury of Willie Wilson.

37.     By reason of Defendant's unlawful activities, Willie Wilson has been and is likely to be damaged, and unless Defendant's activities are restrained, Willie Wilson will continue to suffer serious and irreparable injury, without a full and adequate remedy at law.

<u>COUNT IV:</u>
**Common-Law Trademark Infringement and Unfair Competition**

38.     Willie Wilson restates and realleges Paragraphs 1-37 as if fully set forth herein.

39.     Defendant's use of the Infringing Marks and the Infringing Domain Names on goods and services used in connection with goods identical or closely related to the goods and services provided by Willie Wilson under the SINGSATION Mark, and in connection with entertainment services identical or closely related to the entertainment services offered by Willie Wilson under the SINGSATION Mark, without Willie Wilson's consent, is an attempt to pass

off Defendant's goods and services as those of Willie Wilson; causes a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Defendant's goods and services; causes a likelihood of confusion or of misunderstanding as to affiliation, connection or association between Defendant and Willie Wilson; and creates a likelihood of confusion or of misunderstanding among consumers generally as between the goods and services of Defendant and those of Willie Wilson, and constitutes trademark infringement and unfair competition under the common law of the State of Ohio.

40.    Defendant has intentionally and willfully engaged in trademark infringement and unfair competition in that Defendant adopted, used and continues to use the Infringing Marks and the Infringing Domain Names with the intent to trade upon the goodwill established by Willie Wilson under the SINGSATION Mark, to create confusion in the public mind and to misappropriate Willie Wilson's rights and the goodwill it has established, all to the irreparable injury of Willie Wilson.

41.    The acts of Defendant complained of herein constitute inequitable pirating of the fruits of Willie Wilson's labor and are acts of trademark infringement and unfair competition in violation of Ohio common law.  Defendant's acts of trademark infringement and unfair competition were done and continue to be done knowingly, intentionally and willfully.

42.    Defendant will continue to engage in trademark infringement and unfair competition with Willie Wilson unless enjoined by this Court.

43.    Willie Wilson has no adequate remedy at law.

## **PRAYER**

WHEREFORE, Willie Wilson prays that this Court:

(a)     Preliminarily and permanently enjoin Defendant, its representatives, officers, agents, servants, employees and attorneys, and any and all persons in active concert with Defendant, from using the Infringing Marks and/or the Infringing Domain Names, the SINGSATION Mark and/or the Registered Mark or any variations thereof or any trade name, trademark or service mark confusingly or deceptively similar to SINGSATION Mark and/or the Registered Mark in connection with the promotion, advertising, solicitation, conduct and expansion of Defendant's entertainment services in the form of vocal, musical and dance performances in the State of Ohio and nationally, or otherwise competing unfairly with Willie Wilson;

(b)     Order Defendant to deliver to Willie Wilson for destruction all advertisements, brochures, promotional materials, signs, stationery, business cards, other written material or videotapes, compact discs, magnetic tapes, clothing, personal accessories, or any other product that depicts or otherwise discloses the Infringing Marks or the Infringing Domain Names, or any name or mark confusingly similar thereto;

(c)     Order Defendant to immediately cease all operations in connection with the Infringing Domain Names, and to assign all rights of ownership of the Infringing Domain Names to Willie Wilson;

(d)     Order Defendant, its representatives, officers, agents, servants, employees and attorneys, and any and all persons in active concert with Defendant, to fully compensate Willie Wilson for the preparation and distribution of corrective advertising;

(e)     Order an accounting of all of Defendant's revenues derived from infringing activity, and grant an award of exemplary damages, attorneys' fees and costs to Willie Wilson; and

-10-

(f)     Award Willie Wilson such other and further relief as this Court deems just and proper under the circumstances.

Dated:  December 11, 2015

Respectfully submitted,

By:   /s/ Timothy F. Sweeney
Timothy F. Sweeney (OH 0040027)
Lynn Rowe Larsen (OH 0055824)
LAW OFFICE OF TIMOTHY F. SWEENEY
820 West Superior Ave., Suite 430
Cleveland, Ohio 44113
216-241-5003
216-241-3138 (fax)
E-mail:  tim@timsweeneylaw.com

Counsel for Plaintiff Willie Wilson
Productions, Inc.

## JURY DEMAND

Plaintiff Willie Wilson Productions, Inc. demands a trial by jury on all claims and issues so triable.

/s/ Timothy F. Sweeney
Timothy F. Sweeney (OH 0040027)
LAW OFFICE OF TIMOTHY F. SWEENEY

Counsel for Plaintiff Willie Wilson Productions,
Inc.